**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**FREDERICK PENNINGTON, JR**                                                    **PLAINTIFF**

**v.**                                     **Case No. 4:23-CV-00199-LPR**

**DEXTER PAYNE, Director, Arkansas
Department of Correction, et al.**                                  **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff Frederick Pennington, Jr.'s Motion to Proceed *In Forma Pauperis* is GRANTED.[1]

He reports no income and no savings.[2]  Mr. Pennington's Motion to Amend his Complaint is

GRANTED.[3]

The law requires that I screen the Complaint and Amended Complaint.[4]  A *pro se* plaintiff

must set forth enough factual allegations to "nudge[] their claims across the line from conceivable

to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief

can be granted.[5]   Regardless of whether a plaintiff is represented or is appearing *pro se*, the

plaintiff's complaint must allege specific facts sufficient to state a claim.[6]

Mr. Pennington brings suit under 42 U.S.C. § 1983 alleging that he was wrongly prosecuted

as an adult in 1977—when he was just 16 years old.[7]  In 1978, Mr. Pennington entered negotiated

---

[1] Mot. to Proceed IFP (Doc. 1); *see Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

[2] Mot. to Proceed IFP (Doc. 1).

[3] Mot. to Am. Compl. (Doc. 6).

[4] 28 U.S.C. § 1915(e)(2).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[6] *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[7] Compl. (Doc. 2) at 4, 6–7.

pleas of guilty to murder, four counts of aggravated robbery, and one count of first-degree battery; he was sentenced to five concurrent life sentences and one 20-year term to run consecutively to the life terms.[8]   In 2014, Mr. Pennington was granted state habeas relief and, as a result, resentenced to an aggregate term of 70 years' imprisonment.[9]   On November 2, 2022, Mr. Pennington was granted parole and released from prison.[10]   In his Complaint, he explained that his parole will end in July of 2024, at which time he then must serve 30 years' suspended-imposition-of-sentence.[11]

Besides challenging having been charged as an adult, Mr. Pennington also argues that he was imprisoned despite his actual innocence.[12]   Although he was recently granted parole, Mr. Pennington argues that parole was wrongly denied in 2016, 2018, and 2020.[13]   He also complains that recent requests both to have his sentence expunged and to be granted executive clemency were denied.[14]   Mr. Pennington argues that he has a right to yearly clemency and expungement consideration, and he asks for "all forfeited good time."[15]   He seeks $5 billion in damages.[16]

His claims fail for a number of reasons.   First, Mr. Pennington's challenge to the validity of his sentence, including his current parole and subsequent suspended sentence, are *Heck* barred. If a judgment in favor of a prisoner in a section 1983 action would necessarily imply the invalidity

---

[8] *Pennington v. Housewright*, 666 F.2d 329, 330 (8th Cir. 1981).

[9] *Pennington v. State*, 2016 Ark. 428, *3–4.

[10] Compl. (Doc. 2) at 14.

[11] *Id.* at 13.

[12] *Id.* at 4, 7.

[13] *Id.* at 8.

[14] *Id.* at 8.

[15] *Id.* at 9.

[16] *Id.* at 4.

of the state conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is (1) reversed, (2) expunged, or (3) called into question by the issuance of a federal writ of *habeas corpus*.[17]   A claim for damages based on the invalidity of the state conviction, continued imprisonment, or sentence "that has not been so invalidated is not cognizable under § 1983."[18]   Nothing in Mr. Pennington's pleadings indicates that his current sentence has been called into question by the issuance of a federal writ of *habeas corpus*; therefore, to rule in favor of Mr. Pennington necessarily would implicate the validity of his conviction.  Accordingly, his damages claims are barred under the Supreme Court's holding in *Heck*.

Second, to the extent Mr. Pennington is challenging his continued supervisory custody, is seeking a speedier release from the terms of his parole, or is seeking the return of good time credits, his sole federal remedy is a writ of *habeas corpus*.[19]   Additionally, Mr. Pennington's actual innocence claim can only be considered in a federal petition for *habeas* relief, which Mr. Pennington pursued—although unsuccessfully.[20]   Neither release nor the return of good time credit is an available remedy in a section 1983 action.[21]

Third, even if Mr. Pennington's damages claims were not *Heck*-barred, the Defendants are immune from suit.  Because the Complaint is silent as to the capacity Defendants are being sued, the Court presumes Mr. Pennington sued them in only their official capacities.[22]   All of the Defendants are immune from suit for damages in their official capacities because such a suit is

---

[17] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

[18] *Id.* at 487 (emphasis omitted).

[19] *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002).

[20] *See Pennington v. Kelley*, Case No. 5:19-CV-00067-SWW-JTK (E.D. Ark.) (Proposed Findings and Recommendation) (Doc. 34) at 5; *id.* (Order) (Doc. 37).

[21] *See Portley-El*, 288 F.3d at 1066.

[22] *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).

the equivalent of a claim against the State, which is immune from suits for damages.[23]   In any event, Mr. Pennington's Complaint fails to connect any of the Defendants to the decision making with his claims, and they cannot be held liable under a theory of *respondeat superior* for the actions of any of their employees.[24]

Fourth, Mr. Pennington's argument that he was wrongly denied parole, expungement, or clemency is unfounded.  He does not challenge the procedures used in making those decisions; instead, he simply challenges the ultimate decision. Mr. Pennington, however, has no constitutionally protected liberty interest in any of those remedies.[25]

For all the above stated reasons, Mr. Pennington's Complaint is DISMISSED without prejudice.[26]  Mr. Pennington's Motion for Appointment of Counsel is DENIED as moot.[27]  The Court certifies that an *in forma pauperis* appeal of this Order or the accompanying Judgment would not be taken in good faith.[28]

IT IS SO ORDERED this 2nd day of June 2023.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[23] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64–66 (1989).

[24] *Royster v. Nichols*, 698 F.3d 681, 692 (8th Cir. 2012).

[25] *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Arkansas parole statutes create only the possibility of parole, not "a protectable liberty interest in discretionary parole decisions . . . ."  *Hamilton v. Brownlee*, 237 F. App'x 114, 115 (8th Cir. 2007); *see Persechini v. Callaway*, 651 F.3d 802, 807–08 (8th Cir. 2011) (no liberty interest in discretionary parole decisions); *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 67–68 (2009) ("[N]oncapital defendants do not have a liberty interest in traditional state executive clemency, to which no particular claimant is *entitled* as a matter of state law." (emphasis in original)); *Buckley v. Ray*, 848 F.3d 855, 864 (8th Cir. 2017) (Arkansas's expungement statutes do not create a private liberty interest).

[26] Compl. (Doc. 2).

[27] Mot. for Appt. of Counsel (Doc. 4).

[28] 28 U.S.C. § 1915(a)(3).